UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SNOHOMISH COUNTY,

                            Plaintiff,

     v.

ALLIED WORLD NATIONAL ASSURANCE
COMPANY, ARROWOOD INDEMNITY
COMPANY (f/k/a ROYAL INDEMNITY
COMPANY), BERKLEY NATIONAL
INSURANCE COMPANY, CLARENDON
AMERICA INSURANCE COMPANY, CRUM &
FORSTER SPECIALTY INSURANCE
COMPANY, ENDURANCE AMERICAN
INSURANCE COMPANY, EVEREST
NATIONAL INSURANCE COMPANY,
FIREMAN'S FUND INSURANCE COMPANY
OF WISCONSIN, THE INSURANCE COMPANY
OF THE STATE OF PENNSYLVANIA,
INSURANCE COMPANY OF THE WEST,
LEXINGTON INSURANCE COMPANY,
NATIONAL CASUALTY COMPANY, THE
PRINCETON EXCESS & SURPLUS LINES
INSURANCE COMPANY and STARR
INDEMNITY & LIABILITY COMPANY,

                            Defendants.

NO.

COMPLAINT FOR DECLARATORY
RELIEF AND DAMAGES

**JURY DEMAND**

Snohomish County alleges as follows:

COMPLAINT FOR DECLARATORY RELIEF
AND DAMAGES - 1

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

# I.    INTRODUCTION

1.1    This is an action for declaratory judgment, breach of contract, and, against certain defendants, insurance bad faith, violation of the Washington Insurance Fair Conduct Act, and violation of the Washington Consumer Protection Act.  Plaintiff Snohomish County seeks:

(a)    A declaration of the rights, duties, and liabilities of the parties under public entity liability insurance policies issued to Snohomish County by the defendants with respect to certain costs and liabilities Snohomish County has incurred and may incur in the future in connection with the landslide that occurred near Oso, Washington on March 22, 2014;

(b)    Damages for breach of certain defendants' contractual duties under the policies with respect to said liabilities;

(c)    Damages for breach of certain defendants' extracontractual duties to Snohomish County; and

(d)    All attorneys' fees and costs incurred by the plaintiff in asserting this coverage claim and prosecuting this action pursuant to *Olympic Steamship Co., Inc. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991), and its progeny.

# II.    PARTIES

2.1    **Plaintiff.**  Snohomish County is a municipal corporation formed and existing under the Constitution and laws of the State of Washington.

2.2    **Defendant Allied World National Assurance Company.**  Allied World National Assurance Company ("Allied") is a corporation organized under the laws of the State of New Hampshire, with its principal place of business in New York, New York.  Allied is, and was at all times relevant to this action, an authorized insurer in Washington.

COMPLAINT FOR DECLARATORY RELIEF
AND DAMAGES - 2

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

2.3     **Defendant Arrowood Indemnity Company (f/k/a Royal Indemnity Company).**  Arrowood Indemnity Company ("Arrowood") is a corporation organized under the laws of the State of Delaware, with its principal place of business in Charlotte, North Carolina. Arrowood is, and was at all relevant times to this action, an authorized insurer in Washington.

2.4     **Defendant Berkley National Insurance Company.**  Berkley National Insurance Company ("Berkley") is a corporation organized under the laws of the State of Iowa, with its principal place of business in Urbandale, Iowa.  Berkley is, and was at all times relevant to this action, an authorized insurer in Washington.

2.5     **Defendant Clarendon America Insurance Company.**  Clarendon America Insurance Company ("Clarendon") is a corporation organized under the laws of the State of Illinois, with its principal place of business in New York, New York.  At all times relevant to this action, Clarendon was a non-admitted insurer doing business in Washington.

2.6     **Defendant Crum & Forster Specialty Insurance Company.**  Crum & Forester Specialty Insurance Company ("Crum & Forster") is a corporation organized under the laws of the State of Delaware, with its principal place of business in Morristown, New Jersey.  At all times relevant to this action, Crum & Forster was a non-admitted insurer doing business in Washington.

2.7     **Defendant Endurance American Insurance Company.**  Endurance American Insurance Company ("Endurance") is a corporation organized under the laws of the State of Delaware, with its principal place of business in White Plains, New York.  Endurance is, and was at all times relevant to this action, an authorized insurer in Washington State.

COMPLAINT FOR DECLARATORY RELIEF
AND DAMAGES - 3

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

2.8    **Defendant Everest National Insurance Company.**  Everest National Insurance Company ("Everest") is a corporation organized under the laws of the State of Delaware, with its principal place of business in Liberty Corner, New Jersey.  Everest is, and was at all times relevant to this action, an authorized insurer in Washington State.

2.9    **Defendant Fireman's Fund Insurance Company of Wisconsin.**  Upon information and belief, Fireman's Fund Insurance Company of Wisconsin ("Fireman's Fund") is not a citizen of Washington State.  Upon information and belief, at all times relevant to this action, Fireman's Fund was a non-admitted insurer doing business in Washington.

2.10    **Defendant The Insurance Company of the State of Pennsylvania.**  Insurance Company of the State of Pennsylvania ("ICSOP") is a corporation organized under the laws of the State of Pennsylvania, with its principal place of business in New York, New York.  ICSOP is, and was at all times relevant to this action, an authorized insurer in Washington State.

2.11    **Defendant Insurance Company of the West.**  Insurance Company of the West is a corporation organized under the laws of the State of California, with its principal place of business in San Diego, California.  Insurance Company of the West is, and was at all times relevant to this action, an authorized insurer in Washington State.

2.12    **Defendant Lexington Insurance Company.**  Lexington Insurance Company ("Lexington") is a corporation organized under the laws of the State of Delaware, with its principal place of business in Boston, Massachusetts.  At all times relevant to this action, Lexington was a non-admitted insurer doing business in Washington.

2.13    **Defendant National Casualty Company.**  National Casualty Company ("National") is a corporation organized under the laws of the State of Wisconsin, with its

COMPLAINT FOR DECLARATORY RELIEF
AND DAMAGES - 4

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

principal place of business in Scottsdale, Arizona.  National is, and was at all times relevant to this action, an authorized insurer in Washington.

2.14    **Defendant The Princeton Excess & Surplus Lines Insurance Company.**  The Princeton Excess & Surplus Lines Insurance Company ("Princeton") is a corporation organized under the laws of the State of Delaware, with its principal place of business in Princeton, New Jersey.  At all times relevant to this action, Princeton was a non-admitted insurer doing business in Washington.

2.15    **Defendant Starr Indemnity & Liability Company.**  Starr Indemnity & Liability Company ("Starr") is a corporation organized under the laws of the State of Texas, with its principal place of business in New York, New York.  Starr is, and was at all times relevant to this action, an authorized insurer in Washington State.

### III.    JURISDICTION AND VENUE

3.1    **Personal Jurisdiction.**  This Court has personal jurisdiction over the parties.

3.2    **Subject Matter Jurisdiction.**  This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. §§ 1332(a)(1) and 2201(a).  The amount in controversy exceeds $75,000 and the parties are citizens of different states.

3.3    **Venue.**  Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).  The actions and omissions giving rise to plaintiff's claims occurred in Snohomish County, Washington.

### IV.    THE INSURANCE POLICIES AT ISSUE

4.1    During the period from at least 1993 through 2015, defendants, in consideration of premiums paid by Snohomish County, sold public entity liability policies to Snohomish County ("the Policies").  The Policies cover liability imposed on Snohomish for bodily injury, property damage, and wrongful acts.

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES - 5

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

## V. THE UNDERLYING LAWSUITS

5.1     On March 22, 2014, a massive landslide occurred near Oso, Snohomish County, Washington ("Oso Landslide").  The Oso Landslide took the lives of 43 people, injured many others, and destroyed the property of many residents in the affected area.  The estates of several persons who died, and certain other persons who sustained injuries in, the Oso Landslide have filed the following lawsuits against Snohomish County:

- *Pszonka v. Snohomish Cnty.*, King Cnty. Super. Ct. No. 14-2-18401-8 SEA (filed July 1, 2014);

- *Ward v. Snohomish Cnty.*, King Cnty. Super. Ct. No. 14-2-2955-4 SEA (filed Oct. 24, 2014);

- *Regelbrugge v. Washington*, King Cnty. Super. Ct. No. 15-2-01672-5 SEA (filed Jan. 21, 2015); and

- *Lester v. Snohomish Cnty.*, King Cnty. Super. Ct. No 15-2-02098-6 SEA (filed Jan. 26, 2015).

The lawsuits have all been consolidated under the *Pszonka* case, King Cnty. Super. Ct. No. 14-2-18401-8 SEA.  The lawsuits allege, *inter alia*, that the Oso Landslide was predictable and that Snohomish County knew, or should have known, of the risk presented to the Steelhead Haven neighborhood and other properties in the area.  Moreover, the lawsuits allege that Snohomish County took actions, or failed to take actions, that increased the risk to people and property, despite the known landslide risks.  Accordingly, the lawsuits seek damages related to property loss, wrongful death, and loss of consortium, among other things.

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES - 6

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

5.2     Snohomish County respectfully, and strongly, denies that it is liable for the harm that resulted from the Oso Landslide.  It has incurred, and will continue to incur, substantial costs in defending against the underlying lawsuits.  The County also is exposed to potential liability for damage awards to the Oso Landslide victims.

5.3     The potential liability Snohomish County faces with regard to the Oso Landslide arises out of occurrences or alleged actions and omissions that took place during the periods of the Policies.

## VI.    THE INSURERS' RESPONSES TO THE OSO CLAIMS

6.1     Snohomish County has provided timely notice to the defendants concerning the Oso Landslide litigation, and all other conditions precedent to recovery under the Policies have been satisfied or discharged.  The self-insured retention beneath the first-layer Policies has been satisfied.

6.2     Starr has agreed to defend Snohomish County with regard to the underlying Oso Landslide litigation and is currently providing such defense, subject to a reservation of rights.

6.3     All of the other defendants have either denied coverage or failed to provide a definitive coverage determination regarding defense and indemnity of the underlying Oso Landslide litigation.

## VII.    FIRST CLAIM:  DECLARATORY JUDGMENT

7.1     Snohomish County realleges the allegations of paragraphs 1.1 through 6.3 above.

7.2     Under the Policies, defendants undertook the duty to:  (a) defend Snohomish County against any claim or suit seeking damages on account of bodily injury, property damage, and/or wrongful acts; and/or (b) to pay the costs of Snohomish County's defense against any such claim or suit.

COMPLAINT FOR DECLARATORY RELIEF
AND DAMAGES - 7

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

7.3     Under the Policies, defendants undertook to pay on behalf of Snohomish County: (1) all sums which Snohomish County becomes obligated to pay as damages because of liability imposed because of bodily injury or property damage; and/or (2) all sums which Snohomish County becomes obligated to pay as damages for losses arising out of wrongful acts.

7.4     All first-layer defendants, except for Starr—Insurance Company of the West, Arrowood, ICSOP, and Everest—have breached their duty to defend and/or duty to pay the costs of Snohomish County's defense against the Oso Landslide litigation.  All of the defendants have breached their duty to indemnify Snohomish County in connection with any liability that does attach by denying coverage or failing to confirm their obligations to indemnify under the policies.

7.5     An actual controversy of a justiciable nature presently exists between Snohomish County and defendants regarding the proper construction of the Policies and the rights and obligations of the parties thereto with respect to the Oso Landslide litigation and potential liability arising therefrom.  The issuance of declaratory relief by this Court will terminate the existing controversy between the parties.

7.6     Certain insurance coverage issues, including the defendants' obligations to defend and/or pay defense costs on behalf of Snohomish County, may be heard and determined by this Court without prejudicing the County's interests in the underlying lawsuits.  However, certain other potential coverage issues may overlap with facts, law, or both, that are at issue in the underlying lawsuits.  Washington law prohibits liability insurers from litigating insurance coverage issues against the insured where such litigation would pose a risk of prejudice to the insured in the underlying litigation.  To the extent the defendants' claims or defenses in response

COMPLAINT FOR DECLARATORY RELIEF
AND DAMAGES - 8

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

to this action pose such a risk of prejudice, the action must be stayed until such time as the risk of prejudice has ended.

## VIII.   SECOND CLAIM:  BREACH OF CONTRACT

8.1     Snohomish County realleges the allegations of paragraphs 1.1 through 7.6 above.

8.2     All first-layer defendants, except Starr, have breached their duty to defend and/or their duty to pay defense costs.

8.3     All defendants have breached their duty to indemnify by failing and refusing to acknowledge that the potential liability from the Oso Landslide litigation, via judgment or settlement, is within the duty to pay under the Polices.

8.4     As a direct and proximate result of the breaches of the Policies, Snohomish County has been deprived of the benefits of its insurance coverage with respect to the Oso Landslide litigation.

8.5     As another direct and proximate result of the breaches of the Policies, Snohomish County has been forced to incur attorneys' fees and other expenses in order to prosecute this action.

## IX.   THIRD CLAIM:  INSURANCE BAD FAITH—AGAINST ARROWOOD

9.1     Snohomish County realleges the allegations of paragraphs 1.1 through 8.5 above.

9.2     Arrowood has denied its obligation to pay defense costs by relying on an endorsement to its policies.  Contrary to Arrowood's interpretation, the endorsement requires Arrowood to pay defense costs in addition to the policy indemnity limits.  In addition, Arrowood has reserved its rights with regard to the potential indemnity payments, claiming that the negligence claims asserted against Snohomish County in the Oso Landslide litigation do not

COMPLAINT FOR DECLARATORY RELIEF
AND DAMAGES - 9

implicate the relevant Arrowood policies.  In doing so, Arrowood has misrepresented the underlying allegations and Arrowood's policies' coverages.

9.3     Insurers in Washington owe duties of good faith and fair dealing to their insureds. Arrowood owes duties of good faith and fair dealing to Snohomish County.  The duties of good faith and fair dealing prohibit an insurer from placing its interests ahead of those of its insured. An insurer that acts unreasonably, in denying or handling a claim, violates the duties of good faith and fair dealing and commits the tort of bad faith.

9.4     Arrowood's denial of Snohomish County's claim for defense costs and reservation of rights regarding the potential liability damages are contrary to the evidence, policy terms, and the law, and are unreasonable.  Arrowood's conduct in connection with Snohomish County's claim for defense and indemnity coverage is in bad faith.

9.5     Arrowood's misrepresentation of pertinent facts in the Oso Landslide litigation and relevant policy provisions constitutes bad faith.

9.6     As a result of Arrowood's bad-faith conduct, Snohomish County has suffered, and continues to suffer, damage and injury to the extent of: (a) the costs and expenses to defend the claim, including attorneys' fees and costs; and (b) any potential damage awards that may be granted to the underlying plaintiffs.

## X.     FOURTH CLAIM:  VIOLATION OF THE WASHINGTON INSURANCE FAIR CONDUCT ACT—AGAINST ARROWOOD

10.1    Snohomish County realleges the allegations of paragraphs 1.1 through 9.6 above.

10.2    Arrowood's unreasonable denial of Snohomish County's request for coverage of defense costs and indemnity constitute a violation of Washington's Unfair Claims Handling

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

Practices Regulations, including WAC § 284-30-330(1).  Such violation constitutes a violation of the Washington Insurance Fair Conduct Act ("IFCA"), RCW 48.30.015, *et seq.*

10.3     Snohomish County provided written notice of its intent to assert claims under IFCA in compliance with RCW 48.30.015(8).

10.4     Snohomish County is entitled to damages from Arrowood, including treble damages and an award of attorneys' fees and costs incurred in prosecuting this action.

## XI.     FIFTH CLAIM:  VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT—AGAINST ARROWOOD

11.1     Snohomish County realleges the allegations of paragraphs 1.1 through 10.4 above.

11.2     Arrowood's violations of IFCA constitute violations of the Washington Consumer Protection Act, RCW 19.86, *et seq.* because such violations are per se unfair trade practices and in contravention of the public interest.

11.3     Because Snohomish County has been forced to seek judicial assistance to secure a clearly defined legal right, it is entitled to recover damages from Arrowood, including treble damages as authorized by RCW 19.86.090.

## XII.     JURY DEMAND

12.1     Pursuant to Federal Rule of Civil Procedure 38, Oberto requests a trial by jury on all issues so triable.

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

### XIII.   PRAYER FOR RELIEF

WHEREFORE, Snohomish County prays for the following relief:

13.1    A declaratory judgment that defendants are obligated to pay in full on behalf of Snohomish County:  (1) all costs of defending Snohomish County against the various claims arising out of the Oso Landslide; and (2) any and all sums which Snohomish County becomes legally obligated to pay as damages with respect to the Oso Landslide;

13.2    Money damages, in an amount to be proved at trial, together with pre-judgment and post-judgment interest;

13.3    A declaratory judgment that Arrowood's denials of Snohomish County's claims were unreasonable, in bad faith, and in violation of IFCA;

13.4    A declaratory judgment that Arrowood violated the Washington Administrative Code, 284-30 *et seq.*, and the Washington Consumer Protection Act;

13.5    Money damages sustained as a result of Arrowood's bad faith conduct, to be proved at the time of trial, together with all other damages awardable under IFCA and the CPA, including, but not limited to, treble damages and attorneys' fees;

13.6    Reasonable attorneys' fees and costs, including without limitation, actual attorneys' fees pursuant to *Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991); and,

13.7    Such further relief as the Court deems just, proper, and equitable.

COMPLAINT FOR DECLARATORY RELIEF
AND DAMAGES - 12

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

Dated this 14th day of January, 2016.

GORDON TILDEN THOMAS & CORDELL LLP

By *s/Franklin D. Cordell*
    Franklin D. Cordell, WSBA #26392

By *s/Haley K. Krug*
    Haley K. Krug, WSBA #39315

    Special Deputy Prosecuting Attorneys
    Attorneys for Plaintiff Snohomish County
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone: 206-467-6477/Fax: 206-476-6292
fcordell@gordontilden.com
hkrug@gordontilden.com

MARK ROE, PROSECUTING ATTORNEY

By *s/Joseph B. Genster*
    Joseph B. Genster, WSBA 14968

By *s/Michael C. Held*
    Michael C. Held, WSBA #19696

Deputy Prosecuting Attorneys
Snohomish County Prosecuting Attorney
Civil Division
Robert J. Drewel Bldg., 7th Floor
3000 Rockefeller Ave., M/S 504
Everett, WA 98201-4046
Phone:  425-388-6357
Joseph.genster@co.snohomish.wa.us
mheld@co.snohomish.wa.us

Attorneys for Plaintiff Snohomish County