UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SNOHOMISH COUNTY,<br><br>                Plaintiff,<br><br>    v.<br><br>ALLIED WORLD NATIONAL ASSURANCE COMPANY, et al.,<br><br>                Defendants. | CASE NO. C16-63 BJR<br><br>ORDER DENYING ICSOP'S MOTION FOR SUMMARY JUDGMENT RE: STARR INDEMNITY & LIABILITY COMPANY |

## I.     Introduction

This matter is before the Court on cross-motions for summary judgment between Plaintiff Snohomish County ("the County") and Defendant The Insurance Company of the State of Pennsylvania ("ICSOP"). Additionally, ICSOP sought summary judgment against Defendant and Cross-claimant Starr Indemnity and Liability Company ("Starr") and Starr filed a response to that request. The dispute centers around whether ICSOP owed a duty to defend the County against a series of lawsuits in the wake of a catastrophic landslide in 2014.

This order is solely concerned with that portion of ICSOP's motion which seeks summary judgment against Starr. Having reviewed the parties' briefing, the relevant case law, and the entire record, the Court will deny ICSOP's motion for summary judgment against Starr. The Court's reasoning follows:

## II. Background

On March 22, 2014, in Snohomish County, the town of Oso was the scene of a catastrophic mudslide that wreaked havoc on lives and property. The number of deaths, personal injuries, and destruction to homes and other property resulted in four lawsuits (hereinafter the "underlying lawsuits"). The underlying lawsuits are *Pszonka v. Snohomish County* (King Co. Sup. Ct. No. 14-2-18401-8-SEA; "*Pszonka*"); *Ward v. Snohomish County*, King Co. Sup. Ct. No. 14-2-2955-4-SEA; "*Ward*"); *Regelbrugge v. State of Washington,* King Co. Sup. Ct. No. 15-2-01672-5-SEA ("*Regelbrugge*"); *Lester v. Snohomish County*, King Co. Sup. Ct. No. 15-2-02908-6-SEA ("*Lester*").

ICSOP is a "first-layer" excess insurer (whose duty to cover and defend the insured begins when the County exhausts its self-insured retention, or "retained limit"). Starr has filed a cross-claim against ICSOP asserting rights of contribution and equitable contribution based on the fact that Starr accepted the County's tender of defense while ICSOP thus far has not. (*See* Dkt. No. 38, Starr's Answer and Defenses to the Complaint and Cross-Claim at ¶ 3.)

On September 14, 2016, the underlying lawsuits against the County were dismissed. (Dkt. No. 204, Declaration of Meyers, Exs. 1, 2.) The dismissal of the underlying litigation is currently on appeal. (Dkt. No. 200, Declaration of Genster at ¶ 3.) The County seeks reimbursement from ICSOP of defense costs incurred in the now-dismissed lawsuits, along with defense costs that will

be incurred during the appeal and (should the appeal be successful) in defending against future proceedings.

### III. Discussion

A. <u>Legal standards</u>

Summary judgment is proper "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In deciding a summary judgment motion, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 55 (1986).

The moving party is only required to assert that the party with the burden of proof cannot carry that burden, and "that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. On those issues where it bears the burden of proof, the non-moving party must present actual evidence to successfully oppose the motion and may not rest on allegations, speculations or opinion. *Anderson*, 477 U.S. at 248.

B. <u>ICSOP Summary Judgment Motion Against Starr</u>

The Court has already entered an order on the cross-motions between the County and ICSOP, granting summary judgment to the County and denying it to ICSOP. (*See* Dkt. No. 235, Order Granting Motion for Summary Judgment by Snohomish County and Denying Motion for Summary Judgment by The Insurance Company of the State of Pennsylvania.) To the extent relevant, the Court incorporates that ruling herein by reference.

Defendant Starr Indemnity & Liability Company ("Starr") has asserted a cross-claim for contribution and equitable contribution against Defendant ICSOP in this litigation. (Dkt. No. 38.) On the final page of its motion for summary judgment, ICSOP appended a single paragraph which it entitled "The Court Should Grant Summary Judgment Dismissing Starr's Cross-claim." (Dkt. No. 202, ICSOP Motion at 30.)

ICSOP listed a single ground for dismissal of the cross-claim: "An insurance company has no right to seek contribution from another insurance company that owes no obligation to the insured." (*Id.; citation omitted.*) Of necessity, the Court's grant of summary judgment in favor of the County refutes the argument that ICSOP owed no obligation to the County and requires that ICSOP's request for summary judgment against Starr be denied.

### IV. Conclusion

Having already found that ICSOP has a duty to defend the County and is currently in breach of that duty, the Court rejects ICSOP's argument that Starr has no right to seek contribution from it because it owes no obligation to the County. On that basis, ICSOP's motion for summary judgment against Starr is denied.

The clerk is ordered to provide copies of this order to all counsel.

Dated: August 18, 2017.

Barbara Jacobs Rothstein
U.S. District Court Judge