UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SNOHOMISH COUNTY,

        Plaintiff,

v.

ALLIED WORLD NATIONAL ASSURANCE COMPANY, et al.,

        Defendants.

CASE NO. C16-63 BJR

ORDER GRANTING LEXINGTON INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT

## I.    Introduction

This matter is before the Court on a motion for summary judgment by Defendant Lexington Insurance Company ("Lexington") against Plaintiff Snohomish County ("the County"). The dispute centers around whether Lexington owed a duty to defend the County against a series of lawsuits in the wake of a catastrophic landslide in 2014.

Having reviewed the parties' briefing, the relevant case law, and the entire record, the Court will grant Lexington's motion for summary judgment against the County and dismiss the lawsuit against Lexington without prejudice. The Court's reasoning follows:

## II. Background

On March 22, 2014, in Snohomish County, the town of Oso was the scene of a catastrophic mudslide that wreaked havoc on lives and property. The number of deaths, personal injuries, and destruction to homes and other property resulted in four lawsuits (hereinafter the "underlying lawsuits"). The underlying lawsuits are *Pszonka v. Snohomish County* (King Co. Sup. Ct. No. 14-2-18401-8-SEA; "*Pszonka*"); *Ward v. Snohomish County*, King Co. Sup. Ct. No. 14-2-2955-4-SEA; "*Ward*"); *Regelbrugge v. State of Washington,* King Co. Sup. Ct. No. 15-2-01672-5-SEA ("*Regelbrugge*"); *Lester v. Snohomish County*, King Co. Sup. Ct. No. 15-2-02908-6-SEA ("*Lester*").

At issue in this summary judgment motion are five successive annual excess insurance policies issued by Lexington.[1] Lexington is a "second-layer" excess insurer whose duty to cover and defend begins when the County's self-insured retention *and* the first layer of excess coverage has been exhausted.

The second-layer Lexington policies share the following features:

- The duty to defend and/or pay a covered loss arises only after the County has fully exhausted its self-insured retention and the respective policy limits of its underlying insurance policies;
- The policies follow the form of the underlying first-layer excess insurance policies issued by Defendant The Insurance Company of the State of Pennsylvania ("ICSOP") during the same policy period (i.e., if an underlying ICSOP Policy does not cover a

---

[1] May 1, 2005 – May 1, 2006 ("2005-06 Lexington Policy"); May 1, 2006 – March 15, 2007 ("2006-07 Lexington Policy"); March 15, 2007 – March 15, 2008 ("2007-08 Lexington Policy"); March 15, 2008 – March 15, 2009 ("2008-09 Lexington Policy"); March 15, 2009 – March 15, 2010 ("2009-10 Lexington Policy"). *See* Dkt. No. 203, Declaration of Broker, ¶¶ 6-11, Exs. 4-8.

claim or suit, the Lexington Policy from that same policy period will also not cover the claim or suit).[2]

On September 14, 2016, the underlying lawsuits against the County were dismissed. (Dkt. No. 204, Declaration of Meyers, Exs. 1, 2.) The dismissal of the underlying litigation is currently on appeal. (Dkt. No. 200, Declaration of Genster at ¶ 3.)

### III. Discussion

A. Legal standards

Summary judgment is proper "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In deciding a summary judgment motion, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 55 (1986).

The moving party is only required to assert that the party with the burden of proof cannot carry that burden, and "that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. On those issues where it bears the burden of proof, the non-moving party must present actual evidence to successfully oppose the motion and may not rest on allegations, speculations or opinion. *Anderson*, 477 U.S. at 248.

---

[2] ICSOP filed its own motion for summary judgment against the County (*see* Dkt. No. 202); the County's responsive brief to that motion incorporates their response to Lexington's motion as well. (*See* Dkt. No. 210.) An order has issued on ICSOP and the County's cross-motions for summary judgment. (*See* Dkt. No. 235.)

B. Lexington's Motion for Summary Judgment

Since the Lexington policies "follow form" with the ICSOP policies, a portion of Lexington's summary judgment request consists of a "me too" motion in which it argues that its policies do not cover the claims against the County because its policies contain the same exclusionary provisions that ICSOP asserted in its motion for summary judgment (*see* fn. 2). That portion of Lexington's argument is unavailing – as fully explained in the order issued on the cross-motions for summary judgment between ICSOP and the County (*see* Dkt. No. 235; Order Granting Motion for Summary Judgment by Snohomish County and Denying Motion for Summary Judgment by The Insurance Company of the State of Pennsylvania), the ICSOP Policies do "conceivably cover" the claims asserted by the County and thus that element of the duty to defend has been satisfied. (*Id.* at 14-24.) Therefore Lexington's argument as regards "follow-on" coverage (or lack thereof) fails.

However, Lexington's legal position differs from ICSOP's in one critical regard. Lexington is a "second-layer" excess insurer and its obligations to its insured are not triggered until both the County's self-insured retention and the first-layer excess coverage have been exhausted. The County concedes in its briefing that it

> has not submitted proof of exhaustion to Lexington because… the County has incurred in excess of $4 million in defense costs and Lexington's liability does not attach until that figure reaches $6 million ($1 million SIR plus the $5 million limit on the underlying ICSOP policy).

(Dkt. No. 210, County Response at 34.)

> Although the County's lawsuit against Lexington seeks only
>
> a declaratory judgment that defendants are obligated to pay in full on behalf of Snohomish County: (1) all costs of defending Snohomish County against the various claims arising out of the Oso Landslide; and (2) any and all sums which Snohomish County becomes legally obligated to pay as damages with respect to the Oso Landslide[.]

(Dkt. No. 1, Complaint at ¶ 13.1), the County's admission that it has never submitted proof of exhaustion to Lexington renders its request for declaratory relief regarding the duty to defend premature. The County alleges in its complaint that Lexington has already breached its duty to indemnify and that "[a]n actual controversy of a justiciable nature presently exists." (*Id.* at ¶¶ 7.4-7.5) As has been discussed at length in the order on the ICSOP-Snohomish County cross-motions, absent proof of exhaustion there is no duty to defend. (*See* Dkt. No. 235, Order on Cross-Motions at 24-31.)

The County argues that Lexington's summary judgment motion is "premature and inappropriate." (County Response at 34.) In actuality, it is the County's request for declaratory judgment as to a duty whose conditions the County has not yet fulfilled that is premature. Lexington is entitled to summary judgment as a matter law, and thus to dismissal of the complaint against it.

## IV.     Conclusion

In conceding that it has not provided Defendant Lexington Insurance Company with proof of exhaustion, the County has failed to establish a critical element of its claim against the insurer and the Court is not in a position to enter a declaratory judgment in its favor. There are no disputed issues of material fact, and Lexington is entitled to summary judgment as a matter of law. Defendant's motion is granted and the County's complaint against Lexington is dismissed.

However, as the Court does not intend to preclude the County from seeking a declaratory judgment or other relief against its "second-layer" excess insurers should circumstances warrant in the future, the dismissal will be without prejudice and with leave to re-file the complaint at a later date.

The clerk is ordered to provide copies of this order to all counsel.

Dated: August 21, 2017.

_Barbara J. Rothstein_
Barbara Jacobs Rothstein
U.S. District Court Judge